**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MARIAM S. A.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-CV-05501-AJR

**MEMORANDUM DECISION AND ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

## I.

## INTRODUCTION

Mariam S. A. ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") dismissing Plaintiff's request for an administrative hearing. On September 11, 2025, Plaintiff filed an Opening Brief. (Dkt. 19.) On November 14, 2025, Defendant filed an Opposition Brief. (Dkt. 26.) On November 18, 2025,

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff filed a Reply Brief. (Dkt. 27.) The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. (Dkts. 10, 11, 12.) For the reasons stated below, the Court concludes that this action must be DISMISSED FOR LACK OF JURISDICTION.

## II.

## PROCEDURAL HISTORY

On December 21, 2022, Plaintiff filed an application for Disability Insurance Benefits ("DIB"). (Dkt. 18-1 at 200-06.) The Plaintiff's claim was denied at the initial-determination stage on December 24, 2022. (Id. at 93.) Plaintiff's claim was then denied upon reconsideration on January 5, 2023. (Id. at 98.) On May 15, 2023, Plaintiff filed a request for a hearing. (Id. at 105.) On July 29, 2024, Plaintiff filed a Request to Withdraw a Hearing Request. (Id. at 199.) In response to Plaintiff's request, Administrative Law Judge Richard Breen (the "ALJ") issued an Order of Dismissal on August 6, 2024. (Id. at 27.) On October 1, 2024, Plaintiff sent correspondence requesting to set aside the Order of Dismissal as follows:

> This is to notify you that I have changed my mind and wish to continue my Social Security Disability application. Please set aside the 8/6/24 dismissal of my Request for Hearing.

(Id. at 23.)

On February 27, 2025, Plaintiff's counsel sent correspondence to the ALJ stating that he was notified telephonically that morning by the ALJ's assistant that the ALJ had denied Plaintiff's request to set aside the Order of Dismissal. (Id. at 21-22.) Plaintiff's counsel requested a written response to Plaintiff's request to set aside the Order of Dismissal. (Id.) On February 28, 2025, the ALJ sent a letter back to Plaintiff's counsel stating as follows: Request to reopen dated 10/1/2024 is denied. Matter was knowingly withdrawn and no good grounds to reopen." (Id. at

20.) On March 13, 2025, Plaintiff filed an appeal from the ALJ's denial contending that the ALJ committed an abuse of discretion. (Id. at 16-19.)

On April 16, 2025, the Appeals Council denied Plaintiff's request for review as follows:

> We found no reason under our rules to review the Administrative Law Judge's dismissal. Therefore, we have denied your request for review.
>
> With your request for review, you alleged that "The ALJ abused his discretion by refusing to set aside claimant's voluntary withdrawal of her request for hearing." Under our rules described below, we considered your allegations solely as they relate to your case for abuse of discretion. After reviewing the entire record, we determined that the Administrative Law Judge did not abuse his or her discretion and none of the other reasons in our rules existed to review your case. We have completed our action on your request for review.

(Id. at 5.) On that date, the ALJ's dismissal became the final decision of the Commissioner. See 42 U.S.C. § 405(h). Plaintiff now seeks judicial review of the Commissioner's final decision.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits once a final decision has been made after a hearing. Garrison v. Colvin, 759 F.3d 995 (9th Cir. 2014) (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006)); Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)). The applicable standard of review is abuse of discretion as to the overall conclusion and substantial evidence as to any fact. See

42 U.S.C. § 405(g); Smith v. Berryhill, 587 U.S. 471, 487 n.19 (2019). "[I]n an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Smith, 587 U.S. at 488.

## IV.

## DISCUSSION

Plaintiff raises a single ground for relief seeking judicial review of the ALJ's refusal to vacate the Order of Dismissal. (Dkt. 19 at 3.) Specifically, Plaintiff contends that the ALJ abused their discretion by refusing to vacate the Order of Dismissal after Plaintiff submitted a letter requesting that the ALJ set aside Plaintiff's prior Form HA-85 withdrawal of her hearing request. (Id. at 3-5.) Plaintiff contends that Form HA-85 "creates a clear procedural path for a claimant who reconsiders, stating: 'If you change your mind, you must ask the judge to cancel this request to withdraw within 60 days . . . .'" (Id. at 4.) Plaintiff interprets this to mean that Form HA-85 does not "require a complex legal or factual showing" for good cause, but rather simply changing one's mind is sufficient to show good cause. (Id.) For those reasons, Plaintiff contends that the ALJ "arbitrarily reject[ed]" Plaintiff's request to vacate the Order of Dismissal. (Id. at 5-6.)

Defendant brings contends that the ALJ's refusal to vacate the dismissal was not appealable to the Appeals Council. (Dkt. 26 at 3-4.) However, Defendant also acknowledges that the Appeals Council nonetheless "considered whether the ALJ's underlying dismissal was appropriate. (Id. at 4.) Defendant contends that the Appeals Council correctly rejected Plaintiff's request for review of the ALJ's refusal to vacate the dismissal because the Form HA-85 requires a claimant to "give a good reason why the dismissal was wrong." (Id. at 5.) Thus, Defendant contends that the

Form HA-85 requires good cause to vacate a dismissal and that Plaintiff failed to provide good cause. (Id.)

**A. This Court Lacks Jurisdiction to Review the ALJ's Refusal to Vacate the Order of Dismissal or the Decision of the Appeals Council to Deny Review.**

This Court's jurisdiction is limited to reviewing final agency decisions under 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). To constitute a final agency decision subject to judicial review, a claimant must take all the necessary administrative steps:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are satisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

20 C.F.R. § 404.900.

If a claimant has completed the four steps outlined above in the administrative review process, then a final decision has been made that is subject to judicial review. Id. If a claimant is dissatisfied with that final decision, then they "may request judicial review by filing an action in a Federal district court." Id. However, many administrative actions "are not subject to the administrative review process . . . and . . . are not subject to judicial review." 20 C.F.R. § 404.903. For example, the denial of request to extend the time period for reviewing review of a determination or decision, the denial of a request to use the expedited appeal process, and the denial of a request to reopen a determination or a decision are not subject to the administrative review process and are not subject to judicial review. See 20 C.F.R. § 404.903(j)-(l).

Here, Plaintiff's request to set aside the dismissal of her request for a hearing is effectively the same as a request to reopen a determination or decision within the meaning of 20 C.F.R. § 404.903(l). (Dkt. 18-1 at 23.) The regulation makes clear that the denial of this request is not subject to the administrative review process and is not subject to judicial review. See Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding that denial of a petition to reopen was not a final agency decision under 42 U.S.C. § 405(g)). Thus, the Court concludes it lacks jurisdiction to review the ALJ's refusal to vacate the Order of Dismissal. See Munson v. Berryhill, 2017 WL 3225499, at *3 (W.D. Wash. July 31, 2017) ("[T]he ALJ's decision to deny reopening of a prior claim is discretionary and Ms. Munson is not entitled to judicial review of the ALJ's good cause determination on the merits.").

Indeed, in Miller v. Astrue, 780 F. Supp. 2d 1125 (D. Or. 2011), the U.S. District Court for the District of Oregon held that it "ha[d] no jurisdiction to review the reasons for the Appeals Council's decision to deny [the plaintiff's] request to withdraw his appeal or to review the Appeal's Council's decision to evaluate the

ALJ's decision." Id. at 1131. In Miller, the ALJ issued a decision after a hearing finding the plaintiff disabled and awarding benefits. Id. at 1127. The plaintiff filed an appeal seeking to amend his onset date. Id. The ALJ then issued an amended decision with the amended onset date sought by the plaintiff and the plaintiff requested to withdraw his appeal. Id. However, the Appeals Council declined to withdraw the appeal and reversed the decision of the ALJ, finding that the plaintiff was not disabled or entitled to benefits. Id. The U.S. District Court for the District of Oregon explained that it only had jurisdiction to review a final decision that complied with the four-step administrative review process and that the decision of the Appeals Council to decline to withdraw the appeal was not "made after a hearing" within the meaning of 42 U.S.C. § 405(g). Id. at 1131. Therefore, the court concluded that it "ha[d] no jurisdiction to review the reasons for the Appeals Council's decision to decline to withdraw [the plaintiff's] appeal and its decision to review the ALJ's decision." Id. at 1132.

Similarly here, the decision of the Appeals Council to deny Plaintiff's request for review was not "made after a hearing" within the meaning of 42 U.S.C. § 405(g). (Dkt. 18-1 at 5); see Miller, 780 F. Supp. 2d at 1131. Indeed, the Ninth Circuit has explained that judicial review of a final decision made "after a hearing" under 42 U.S.C. § 405(g) distinguishes between decisions on the merits governed by procedures established in 42 U.S.C. § 405(b) from discretionary decisions not subject to those procedures. See Peterson v. Califano, 631 F.2d 628, 631 (9th Cir. 1980) (holding that the district court lacked jurisdiction to review the discretionary denial of an extension of time to file a complaint in district court). Here, the ALJ's refusal to vacate the Order of Dismissal was a discretionary decision not subject to the procedures established in 42 U.S.C. § 405(b). See 20 C.F.R. § 404.960(a) (stating that "an administrative law judge or the Appeals Council may vacate a dismissal of a request for a hearing if you request that we vacate the dismissal" and

"state why our dismissal of your request for a hearing was erroneous" (emphasis added)). Thus, the Court concludes that it lacks jurisdiction to review the decision of the Appeals Council to deny Plaintiff's request for review because Plaintiff sought review of a discretionary determination that was not made "after a hearing" within the meaning of 42 U.S.C. § 405(g).

**B. Even if the Court Had Jurisdiction, Which It Does Not, Plaintiff Would Still Fail to Satisfy the Good Cause Standard.**

Even assuming the Court had jurisdiction to review the ALJ's decision, which it does not, the Court would still reject Plaintiff's claim because she has failed to satisfy the good cause standard set forth in the Form HA-85. As set forth above, the Form HA-85 states that "[i]f you change your mind, you must ask the judge to cancel this request to withdraw within 60 days after you get the dismissal notice." (Dkt. 18-1 at 199.) However, the form also states that "[y]ou must give a good reason why the dismissal was wrong." (Id.) As also set forth above, the applicable regulations make clear that both administrative law judges and the Appeals Council have discretion to vacate a dismissal of a request for a hearing. See 20 C.F.R. § 404.960(a) (stating that "an administrative law judge or the Appeals Council may vacate a dismissal of a request for a hearing if you request that we vacate the dismissal" and "state why our dismissal of your request for a hearing was erroneous" (emphasis added)).

The requirement for a "good reason" set forth in the Form HA-85 is analogous to the "good cause" required to reopen a prior determination or claim. See 20 C.F.R. § 404.988(b) ("A determination, revised determination, decision, or revised decision may be reopened . . . [w]ithin four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case . . . ."). 20 C.F.R. § 404.989(a) states that "[w]e will find that there is good cause to reopen a determination or decision if—(1) New and material evidence is

furnished; (2) A clerical error in the computation or recomputation of benefits was made; or (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 C.F.R. § 404.989(b) states that "[w]e will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made."

Here, Plaintiff requested to cancel her request for withdrawal of a hearing by stating as follows:

> This is to notify you that I have changed my mind and wish to continue my Social Security Disability application. Please set aside the 8/6/24 dismissal of my Request for Hearing.

(Dkt. 18-1 at 23.) Thus, Plaintiff provided no reason other than that she changed her mind. (Id.) This clearly does not qualify as "good cause" within the meaning of 20 C.F.R. § 404.989(a). The Court also concludes that the ALJ did not abuse their discretion in concluding that Plaintiff had failed to provide a good reason as required by the Form HA-85. See 20 C.F.R. § 404.960(a). Accordingly, the Court would deny Plaintiff's claim on the merits, even if it had jurisdiction, which it does not.

## V.

## CONCLUSION

Consistent with the foregoing, the Court concludes that this action must be DISMISSED FOR LACK OF JURISDICTION. The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 15, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE